IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERA HICE                                                                                          PLAINTIFF

vs.                                            Civil No. 4:21-cv-04065

COMMISSIONER, SOCIAL                                                                DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Era Hice ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on September 18, 2019. (Tr. 149). In this application, Plaintiff alleges being disabled due to congestive heart failure, major depressive disorder, acute stress reaction, GAB and SAB. (Tr. 339). Plaintiff alleges an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

February 1, 2019. (Tr. 149). This application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 253-297). This hearing was held on November 4, 2020. (Tr. 181-202). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing. *Id.*

On January 21, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 149-157). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 18, 2019. (Tr. 151, Finding 1). The ALJ then determined Plaintiff had the following severe impairments: post-traumatic stress disorder; generalized anxiety disorder; supraventricular tachycardia; obesity; osteoarthritis of the right hand; asthma; obstructive sleep apnea; depression; attention deficit hyperactivity disorder; left kneed disorder. (Tr. 151, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 151, Finding 3).

In the decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 153-156). Specifically, the ALJ found Plaintiff retained the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b) except:

> no climbing of ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; can frequently perform bilateral handling and fingering; can occasionally work around exposure to dust, fumes, odors, gases, poor ventilation and other pulmonary irritants; can occasionally work at unprotected heights and around dangerous moving machinery; can perform simple and routine tasks; can maintain concentration for two hour periods, but must have regularly scheduled breaks; is unable to perform fast paced production rate pace work (assembly line work), but can perform goal oriented work; no tandem tasks;

> is limited to occasional interaction with the public, coworkers, and supervisors; and she can adapt to changes in a routine work setting

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 156, Finding 5). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 156, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) housekeeper with approximately 929,540 jobs in the nation, (2) dry cleaner with approximately 199,330 jobs in the nation, and (3) mail room sorter with approximately 99,190 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled since September 18, 2019. (Tr. 157, Finding 10)

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On September 10, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On September 30, 2021, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15, 18. This case is now ready for decision.

**2.** **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises the following issues for reversal: the ALJ erred (1) in the evaluation of the opinions of her treating physician, and (2) in the RFC determination.  ECF No. 15 at 5-14.  Upon review, the Court finds Plaintiff's claim that the ALJ erred in the evaluation of the opinions of her treating physician is merited.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule.  Because this claim was filed on September 18, 2019, this new rule applies here, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source.  *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c).  Under these new regulations, the SSA "will consider" these factors.  *See id.*

In his decision, the ALJ discussed the opinions of Plaintiff's treating physician, Dr. Christina Scott.  Dr. Scott, who has treated Plaintiff since 2014, has diagnosed with Plaintiff with several impairments including ADHD, depression, anxiety, PTSD and schizophrenia.  Dr. Scott also completed a Mental RFC assessment on Plaintiff.  (Tr. 908-911).  In this assessment, Dr. Scott indicated Plaintiff had extreme limitations in understanding and memory and sustained

concentration and persistence; marked and extreme limitations social interaction; and extreme limitations in adaption. *Id.* Dr. Scott also indicated Plaintiff could not work on regular and sustained basis because of her severe depression. *Id.*

Apart from a brief reference to different medical records, the ALJ did not evaluate any of the required factors that the ALJ is required to consider. Accordingly, the Court cannot find the ALJ properly considered the opinions of this treating source as required by the social security regulations.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of September 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE